UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BRYAN KEITH GOINS, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 1:21-cv-122, 1:18-cr-132 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-122; Doc. 60 in Case No. 1:18-cr-132). For the following reasons, the motion will be **DENIED**.

### I.  BACKGROUND

Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 40 in Case No. 1:18-cr-132.) This Court sentenced him to a below-guidelines term of incarceration of fifty months, followed by three years of supervised release. (Docs. 28, 40 in Case No. 1:18-cr-132.) Defendant appealed his sentence, arguing that he was incorrectly classified as a career offender given the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam). The Sixth Circuit rejected this argument because the Tennessee and Georgia convictions underlying his career-offender status were for possession with intent to deliver, not for attempt crimes. (Doc. 46 in Case No. 1:18-cr-132.)

Petitioner timely filed a motion under 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:21-cv-122; Doc. 60 in Case No. 1:18-cr-132.) He asserts that: (1) his guilty plea was not knowing and voluntary because he was not informed that he was required to know of his felon status in order to be convicted of being a felon in possession of a firearm under *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) his conviction is void for the same reason; (3) he is not a career offender under *Havis*; and (4) his counsel was ineffective for not raising *Rehaif* or *Gary*.[1] The Government has responded (Doc. 5 in Case No. 1:21-cv-122), and the motion is ready for review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C.

---

[1] Petitioner is referencing the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), which the Supreme Court reversed. *United States v. Greer*, 141 S. Ct. 2090 (2021).

§ 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. *Havis*

The Sixth Circuit squarely rejected Petitioner's *Havis* argument on appeal. (Doc. 46.) His *Havis* claim remains unavailing for the reasons identified by the Sixth Circuit and is therefore **DENIED**.

#### B. *Rehaif*

Petitioner pled guilty to a revised factual basis (the revision was filed shortly after the Supreme Court decided *Rehaif*) which explicitly laid out the elements of Petitioner's offense—including that the defendant knows he is a felon—as required by *Rehaif*:

> In order for the defendant to be guilty of Count One of the Indictment, a violation of 18 U.S.C. § 922(g)(1), the United States must prove that the defendant committed each of the following elements of the crime beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm; (2) the firearm had traveled in or affected interstate commerce; (3) the defendant had a previous felony conviction; and (4) the defendant knew he had sustained a previous felony conviction. *Rehaif v. United States*, __ U.S. __ (2019); *United States v. Kincaide*,

145 F.3d 771, 782 (6th Cir. 1998), *cert. denied*, 525 U.S. 1166 (1999); *United States v. Moreno*, 933 F.2d 362, 372 (6th Cir.), *cert. denied*, 502 U.S. 895 (1991).

(Doc. 22, at 2.) Because Defendant pled guilty to the correct elements (Docs. 26, 27), there is no *Rehaif* error in his conviction that could possibly warrant vacatur and his *Rehaif* claim is **DENIED**.

### C. Ineffective Assistance of Counsel

To collaterally attack his conviction based on ineffective assistance of counsel, a petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Courts "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Even if it falls outside that range, the petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner asserts that his counsel was ineffective for failing to raise *Rehaif*. (Doc. 1 in Case No. 1:21-cv-122; Doc. 60 in Case No. 1:18-cr-132.) But, as described above, he pled guilty to the correct elements under *Rehaif*. (Docs. 22, 26, 27.) His lawyer's conduct was therefore reasonable, and Petitioner was not prejudiced, for there was no *Rehaif* error to raise. Petitioner's ineffective-assistance-of-counsel claim is **DENIED**.

### IV. CONCLUSION

Petitioner's motion to correct clerical error (Doc. 64 in Case No. 1:18-cr-132) is **GRANTED** and the phrase "second or successive" in the Court's prior order (Doc. 2 in Case No. 1:21-cv-122) is **DEEMED STRICKEN**, but the rest of the order is not stricken. For the reasons

above, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-122; Doc. 60 in Case No. 1:18-cr-132) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

    **SO ORDERED**.

                                        */s/ Travis R. McDonough*
                                        **TRAVIS R. MCDONOUGH**
                                        **UNITED STATES DISTRICT JUDGE**